## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1451 | **DATE** | 3/20/2008 |
| **CASE TITLE** | Carl Brown (#R-65150) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court orders the trust fund officer at the plaintiff's place of incarceration to deduct $1.00 from the plaintiff's account for payment to the clerk of court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The clerk is directed to send a copy of this order to the trust fund officer at the Vandalia Correctional Center. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions for filing along with a copy of this order.

■ **[For further details see text below.]**                                                                 Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff appears to claim that strip searches on his arrival at the Cook County Jail and the Stateville Correctional Center violated his constitutional rights; he also contends that the conditions of his confinement at the Stateville receiving unit amounted to cruel and unusual punishment.

The plaintiff is granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.00. The trust fund officer at the plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the clerk of court. After payment of the initial partial filing fee, the plaintiff's trust fund officer is authorized and ordered to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the **(CONTINUED)**

mjm

**STATEMENT (continued)**

plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of the plaintiff's transfer to another correctional facility.

However, the plaintiff must submit an amended complaint. The plaintiff may not bring one lawsuit against both Cook County Jail officials and officials at the Stateville Correctional Center. The state and county are separate legal entities. The plaintiff must choose one facility in this lawsuit and file a separate action against officials at the other facility, if he wishes to do so. *See* Fed. R. Civ. P. 18(a) and 20(a); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The statute of limitations does not appear to pose an obstacle to refiling suit against either set of defendants.

The plaintiff's only claim against officials at the Cook County Correctional Center is that he was subjected to a visual body cavity search upon his arrival, along with some sixty other detainees. The plaintiff describes a very typical, cattle-call-like processing of new arrivals. Obvious security concerns justify the inspection of new inmates coming into a secure facility; strip searches of prisoners are not *per se* unconstitutional. *Fillmore v. Page*, 358 F.3d 496, 505 (7th Cir. 2004).

In balancing the need for the search against the individual's privacy rights, the court must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted. *Del Raine v. Williford*, 32 F.3d 1024, 1039 (7th Cir. 1994); *Burton v. Kuchel*, 865 F. Supp. 456, 466 (N.D. Ill. 1994); *U.S. v. Williams*, 209 F.3d 940, 943 (7th Cir. 2000) (search incident to arrest). Unless the plaintiff can allege that the strip search he endured upon his arrival at the jail [and again at the prison] was somehow conducted in an unreasonable or abusive manner, *see Bell*, 441 U.S. at 560, *Del Raine*, 17 F.3d at 1040, the court discerns no basis for a cause of action under 42 U.S.C. § 1983.

For the same, basic reasons, the court questions whether the plaintiff has a viable cause of action regarding the conditions of his confinement at the Stateville Correctional Center. The Eighth Amendment, through the Due Process Clause of the Fourteenth Amendment, requires state prison officials to maintain "humane conditions of confinement," including adequate food, clothing, shelter and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Conditions of confinement violate the Eighth Amendment only when they exceed "contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett*, 17 F.3d 1574, 1579 (7th Cir. 1994). Punishment in the constitutional sense requires allegations of extreme deprivations over an extended period of time. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992); *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999). A plaintiff claiming a violation of the Eighth Amendment must satisfy both an objective test (whether the conditions can be considered cruel and unusual) and a subjective test (whether the defendants acted with a culpable state of mind). *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).

In the case at bar, the plaintiff alleges that he spent his first two weeks in Stateville's receiving unit confined to his cell for twenty-four hours a day, with no contact visits and no movement unless he was accompanied by correctional officers (the complaint is internally inconsistent, alleging both that the plaintiff was confined to his cell twenty-four hours a day and that he had outside-cell movement). But the plaintiff's temporary sequestration while
**(CONTINUED)**

**STATEMENT (continued)**

correctional officials determined the most appropriate facility and security classification for him, which would undoubtedly require a check for potential enemies within the prison system and other factors, does not strike the court as the type of prolonged deprivation that might implicate the Constitution. While the State may, under certain circumstances, create liberty interests which are protected by the Due Process Clause, these interests "will be generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. In *Williams v. Ramos*, 71 F. 3d 1246, 1249-50 (7th Cir. 1995), the court held that conditions in the segregation unit at Stateville do not greatly exceed "what one could expect from prison life generally," and that the plaintiff had no liberty interest in avoiding confinement there. Similarly, the plaintiff's administrative confinement for the first two weeks of his prison sentence–undoubtedly based on concerns for the plaintiff's own safety, as well as others', does not appear to state a claim under 42 U.S.C. § 1983.

Because the court question s whether the plaintiff has a viable federal claim, the plaintiff would be well advised to perform some basic legal research before submitting an amended complaint in order to avoid the assessment of a "strike" under 28 U.S.C. § 1915(g). Under that statute, if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint must limit itself to claims against a single correctional facility and must set forth a constitutional violation or violation of federal law.

The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge; he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed, on the understanding that the plaintiff does not wish to pursue a federal lawsuit.