*MHW*

U.S. Department of Justice
United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Carl Brown | 08C1451 |
| DEFENDANT | TYPE OF PROCESS |
| Tom Dart, et al. | S/C |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

➡ Chief of Security, Cook County Jail

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT** C.C.J., C/O Legal Dept. 2700 S. California Ave., 2nd. Flr., Div.5, Chicago, IL 60608

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| Carl Brown, R-65150 <br> P.O. Box 500 <br> Vandalia, IL 61471 | Number of process to be served with this Form - 285 **1** |
| | Number of parties to be served in this case **3** |
| | Check for service on U.S.A. |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                          Fold

# FILED
7-16-2008
JUL 16 2008

**MICHAEL W. DOBBINS**
**CLERK U.S. DISTRICT COURT**

Signature of Attorney or other Originator requesting service on behalf of:
☒ PLAINTIFF
☐ DEFENDANT

TELEPHONE NUMBER | DATE
05-14-08

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin | District to Serve | Signature of Authorized USMS Deputy or Clerk | Td | Date |
|---|---|---|---|---|---|---|
| | 3 of 3 | No. 24 | No. 24 | | | 05-14-08 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) <br> NOT SERVED | Date of Service | Time | am <br> 7/10/08 | 12 Loc | (pm) |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 96.00 | 6.79 | 0 | 102.79 | 0 | 102.79 | 0 |

REMARKS: *Need to be more Specific which chief.*
1-DUSM      14-miles
2-Hours

**PRIOR EDITIONS MAY BE USED**          **1. CLERK OF THE COURT**          FORM USM-285 (Rev. 12/15/80)

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

**TO: Carl Brown**
_____
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, Chief of Security, Cook County Jail _____ acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of  Carl Brown vs. Tom Dart, et al.
(CAPTION OF ACTION)

which is case number 08C1451 _____ in the United States District Court for the
(DOCKET NUMBER)

Northern District of  Illinois _____ .
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after  May 14, 2008
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

_____                                             _____
DATE                                                                         SIGNATURE

Printed/Typed Name: _____

As _____ of _____
TITLE                              CORPORATE DEFENDANT

### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO440 (REV. 10/93) Summons in a Civil Action

# United States District Court
### Northern District of Illinois

## SUMMONS IN A CIVIL ACTION

**Carl Brown**
Plaintiff

**CASE NUMBER**: 08cv1451

vs.

**JUDGE:** Harry D. Leinenweber

**Tom Dart**
Defendant

**TO:**   Tom Dart

     YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

Name:   Carl Brown
         R-65150
Address: P.O. Box 500
City:     Vandalia, IL 61471

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

     Michael W. Dobbins, Clerk

     By: Roberto Perez
       Deputy Clerk

Dated: May 8, 2008

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and Complaint was made by me:^ | DATE |
| NAME OF SERVER (Print) | TITLE |

Check one box below to indicate appropriate method of service:

[ ]  Served personally upon the defendant.  Place where served:_____

_____

[ ]  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.  Name of person with whom the summons and complaint were left:
_____

[ ]  Returned unexecuted:_____

[ ]  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                    Date             Signature of Server

                          _____
                          Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1451 | **DATE** | 5/6/2008 |
| **CASE TITLE** | Carl Brown (#R-65150) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT:**

The Clerk is directed to: (1) terminate Cook County, the Illinois Department of Corrections, Unknown Officers, and Roger Walker as defendants pursuant to the amended complaint and Fed. R. Civ. P. 15(a); (2) add the Director of the Cook County Jail as a defendant; (3) issue summonses for service of the amended complaint on the three remaining defendants; and (4) send the plaintiff a magistrate judge consent form and filing instructions along with a copy of this order.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, currently a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at the Cook County Correctional Center, violated the plaintiff's constitutional rights by subjecting him to an unreasonable strip search upon his arrival at the jail.

By Minute Order of March 20, 2008, the court granted the plaintiff's motion for leave to proceed *in forma pauperis* but directed him to submit an amended complaint. The plaintiff has complied with that order.

Under 28 U.S.C. § 1915A, the court is required to conduct a prompt initial review of prisoner complaints against governmental entities or employees. Here, accepting the plaintiff's factual allegations as true, the court finds that the amended complaint states a colorable cause of action under the Civil Rights Act.

In *Bell v. Wolfish*, 441 U.S. 520 (1979), the seminal detainee strip search case, the U.S. Supreme Court balanced "the significant and legitimate security interests of the institution against the privacy interests of the inmates," ultimately upholding a prison policy requiring inmates to submit to routine strip searches with visual cavity inspections after every contact with a person from outside the institution. *Id.* at 560. Despite holding that particular policy constitutional, however, *Bell* did not validate a blanket policy of strip searching pretrial detainees. *Wilson v. Jones*, 251 F.3d 1340, 1342 (11th Cir. 2001) (citing *Masters v. Crouch*, 872 F.2d 1248, 1253 (6th Cir. 1989); *see also Tikalsky v. City of Chicago*, 687 F.2d 175, 182 (7th Cir. 1982) (*Bell* "did not validate strip searches *per se*"). Rather, *Bell* held that pretrial detainees retain constitutional rights, including the Fourth

**(CONTINUED)**

A TRUE COPY - ATTEST
MICHAEL W. DOBBINS, CLERK

BY:
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

DATE: 5/8/08

mjm

Page 1 of 2

## STATEMENT (continued)

Amendment's protection against unreasonable searches and seizures, which are subject to limitations based on the fact of confinement and the institution's need to maintain security and order. *Bell*, 441 U.S. at 545-46.

In balancing the constitutional rights of the inmate with the interests of the penal institution, a court must consider four factors: (1) the scope of the particular intrusion; (2) the manner in which it is conducted; (3) the place in which it is conducted; and (4) the justification for initiating it. *Id.* at 559; *Calvin v. Sheriff of Will County*, 405 F.Supp.2d 933, 938 (N.D. Ill. 2005) (Gettleman, J.). In the case at bar, while a more fully developed record may establish that the strip search in question did not rise to the level of a violation of the plaintiff's constitutional rights, it is not the case that the plaintiff could prove "no set of facts" entitling him to relief. *Haines v. Kerner*, 404 U.S. 519, 521 (1972); *see also Zimmerman v. cTribble*, 226 F.3d 568, 571 (7th Cir. 2000). Accordingly, the defendants named in the amended complaint must respond to the plaintiff's allegations.

The clerk shall issue summonses for service of the amended complaint on the defendants. The United States Marshals Service is appointed to serve the defendants. Any service forms necessary for the plaintiff to complete will be sent by the Marshal as appropriate to serve the defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With respect to any former jail employee who can no longer be found at the work address provided by the plaintiff, the Cook County Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the clerk of court in care of the Prisoner Correspondent. **The plaintiff is once again reminded that he must provide the court with the original plus a complete judge's copy, including any exhibits, of every document filed.** In addition, the plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.



RECEIVED

APR 21 2008  *sew*

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

APR 21 2008

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*Carl Brown*

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

*Tom Dart, Warden
Sheriff, Cook County
Jail, Director of
Cook County Jail,*

*Chief of Security
Cook County Jail*

_____

(Enter above the full name of ALL
defendants in this action. Do not
use "et al.")

*08C-1451*

Case No: *Honorable: Judge
Leinen Weber*
(To be supplied by the Clerk of this Court)
*Magistrate Judge:
Keys*

RECEIVED
UNITED STATES MARSHAL
2008 MAY 14  PM 2:58
NORTHERN DIST. OF IL.
ADMINISTRATIVE SECTION

CHECK ONE ONLY:          **AMENDED COMPLAINT**

✓    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
      U.S. Code (state, county, or municipal defendants)

____  COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
      28 SECTION 1331 U.S. Code (federal defendants)

____  OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

**I.  Plaintiff(s):**

A.  Name: _Carl Brown_

B.  List all aliases: _N/A_

C.  Prisoner identification number: _R-65150_

D.  Place of present confinement: _Vandalia Correctional Center_

E.  Address: _P.O. Box 500, Vandalia, IL 62471_

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

**II.  Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.  Defendant: _Tom Dart_

Title: _Warden-Sheriff, Cook County Jail_

Place of Employment: _2600 South California Ave_

B.  Defendant: _Director Cook County Jail_

Title: _Director_

Place of Employment: _2600 South California, Ave._

C.  Defendant: _Chief of Security Cook County Jail_

Title: _Security Chief_

Place of Employment: _2600 South California Ave Cook County Jail._

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2                                    Revised 9/2007

III.   **List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:**

A.   Name of case and docket number: _____*NoNE*_____
_____*NoNE*_____

B.   Approximate date of filing lawsuit: _____*NoNE*_____

C.   List all plaintiffs (if you had co-plaintiffs), including any aliases: _____*NoNE*_____
_____*NoNE*_____

D.   List all defendants: _____*NoNE*_____
_____*NoNE*_____
_____*NoNE*_____

E.   Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): _____*NoNE.*_____

F.   Name of judge to whom case was assigned: _____*NoNE*_____

G.   Basic claim made: _____*NoNE*_____
_____*NoNE*_____
_____*NoNE*_____

H.   Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): _____*NoNE*_____
_____*NoNE*_____
_____*NoNE*_____

I.   Approximate date of disposition: _____*NoNE*_____

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

Revised 9/2007

## IV.   Statement of Claim:

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

The Plaintiff was arrested of the charge of Aggravated Arson - was sentenced to 3yrs I.D.O.C. Date of Arrest, July 18, 2007, Maywood IL, 60153.

After bond hearing, the Plaintiff was transferred to the Cook County Jail 2600 South California, Chicago IL. Was processed given An Institution Number, and to be placed in a housing Unit within the Jail.

1. The Plaintiff was told to go into a Hallway by One of the Jail officer's, with about 60 more Pre-Trial Detainees, and Eight other officer's also came into the Hallway. At this point the officers

4                                    Revised 9/2007

Demanded that all pretrial (Det
Anees— Remove all of there
Clothing, Standing Naked within
the Tunnel— Hallway, You are
Told to OPEN YOUR Mouth, and a
officer's looks, then your Gums and
the officer looks, lift your penis in
the front and the officer looks,
    Bend over as the needs a run
or Rub your fingers threw your hair,
Turn and face the wall, wiggle your
Hands, then lift your feet, left
then Right, Next step back from
the wall Bend-over grab your
Buttocks spread them and Every
Body has to Comply at the Same
Time if not you keep doing these
Acts til the officers feel it
done to their satisfaction.

5

The acts of the Defendants; the Cook County Jail; Tom Dart, Ward En et als Visually Strip Search - Pre-Trial Detainees Upon Entry into the Jail. Violates the 4th Amendment Rights, and 14th Amendts Rights Under the United States Constitution. U.S.C.A. 4th, 14th

In Craft v. County of San Bernardino, 468 F.Supp.2d 1172 (C.D. Cal. 2006); the SBSD's Policy of subjecting individuals to Strip and OR Visual body cavity Searches, A Blanket policy without individualized Suspicion - Classification Class-two Type Pre-Assignment; the Court Stated that the Balancing test in, Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979): the test of Reasonbleness Under the 4th Amendment is not capable of precise definition or Mechanical

5

Application..... In Thompson v. County
of Cook, 412 F.Supp$^{2d}$ 881 (N.D.Ill.
2005); this very argument that
the Plaintiff's alleges in the instant
Cause, was raised herein. It stated
that the strip search, body cavity
search was a blanket policy of
All incoming detainees at the Jail
And the Cook County officials fail
Ed to use individualized suspicion
And made no distinction between
Misdeamor or felony charge, and
Thompson charge was civil contempt.
        And the 7th Cir Court Stated
in a case involving Misdeamor Arrestees,
"We Can Think of few exercises of
Authority by the State that intrude
on the citizen's Privacy and dignity
As severely as the visual and anal
genital searches here, Mary Beth
G. v. City of Chicago, 723 F.2d, 263,
1272 (7th Cir. 1983) And Rather Than being
Conducted in private — As was the

**6**

Revised 9/2007

IV.    **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

Case in Mary Beth G.—Thompson was Searched in full new of dozens of other detainees, not to mention a significant number of Jail guards, and in Colvin v. Sheriff of Will County, 405 F.supp.2d 933, (N.D. Ill. 2005), the Court Stated: Under the fourth Amendment, a penal institution must Establish a sufficient Justification for intiating an invasive Search that includes visual inspection of the anal and genital Areas. U.S.C.A. Const. Amend. 4. and the Court Cited, Tinetti v. Wittke, 620 F.2d 160 (7th Cir. (1980) the Seventh Circuit affirmed the District Courts Holding, 479 F.supp 486 (E.D. Wis 1979) that a blanket Policy of Strip Searching

people charged with a non-misdemeanor Traffic Violation without Probable Cause to believe that she was concealing weapons or Contra band on her body was a violation of the Plaintiff's Rights under the fourth, Fifth, and Fourteenth Amendments of the U.S. Constitution.

And BYNUM v. District of Columbia, 412 F.Supp.2d 73 (D.DC 2006), 384 F.supp. 2d 342, 1983 Class Action challenging Departments policy of Conducting Suspicionless strip Searches of inmates declared releasable after Court appearances, and challenging release Over-detentions, the Court approved the proposed settlement. the Plaintiff states a cause of Action Pursuant to the foing Case Law and in Young v. Cook County Jail 2006, Case Still Pending in the Honorable Judge Kennelly Presiding.

8

Revised 9/2007

**V.**   **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

$20,000 Dollars in Compensatory Damages for Each Defendant and Punitive Damages in the Amount of $15,000. Dollars Each Defendant.

**VI.**   The plaintiff demands that the case be tried by a jury.   ☒ YES   ☐ NO

## CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _____ day of __4__ , 20_/08_

_Carl Brown_
(Signature of plaintiff or plaintiffs)

_CARL BROWN_
(Print name)

_R-65150_ ~~CARL BROWN~~
(I.D. Number)

_P.O. Box 500_
_Vandalia, Illinois, 62471_
(Address)

6                                         Revised 9/2007